Filing # 91024371 E-Filed 06/13/2019 09:02:34 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI COUNTY, FLORIDA

APOLINAR HILARIO,

    Plaintiff,

vs.

R PLANTS, INC.
a Florida Profit Corporation, and
VICTOR RODRIGUEZ individually

    Defendants.
_____/

Case No. 2019-017373-CA-01

DATE 6/18/19   TIME: 4:46 PM

INITIALS: [signature]   ID# 738

## SUMMONS IN A CIVIL CASE

**TO: R PLANTS INC**, through its Registered Agent:

    RAUL E. PASTRAN
    333 NE 8ST
    HOMESTEAD, FL 33030

*VICTOR RODRIGUEZ/MR./PRES.
16455 S.W. 264ST
HOMESTEAD, FL.*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK _____
(BY) DEPUTY CLERK

6/14/2019

DATE

Filing # 90842268 E-Filed 06/10/2019 02:52:38 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

APOLINAR HILARIO,

    Plaintiff,

v.                                           Case No.:

R PLANTS, INC.
a Florida Profit Corporation, and
VICTOR RODRIGUEZ, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, APOLINAR HILARIO, (hereinafter "Plaintiff"), on behalf of himself, by and through undersigned counsel, who files this Complaint against Defendants, R PLANTS, INC., a Florida Profit Corporation, and VICTOR RODRIGUEZ, individually ("Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

1

4. Defendant, R PLANTS, INC., having its main place of business in Miami Dade County, Florida where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant VICTOR RODRIGUEZ is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, R PLANTS, INC.

6. Defendant VICTOR RODRIGUEZ acted directly in the interest of his company, R PLANTS, INC. Upon all available information, VICTOR RODRIGUEZ, created the method of pay. He also controlled the manner in which Plaintiff performed his work.

7. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff was employed with Defendants from on or about December 20, 2000 to on or about March 29, 2019.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

2

12. Throughout Plaintiff's employment, Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week.

13. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

14. Specifically, Defendants failed to pay Plaintiff for overtime during his employment with Defendants.

15. Plaintiff made complaints to Defendant, Victor Rodriguez ("Mr. Rodriguez"), regarding not being paid for work he had completed.

16. On or about March 29, 2019, Plaintiff was terminated in retaliation for his complaints.

17. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Wage & Hour Federal Statutory Violation against
### R PLANTS, INC.

18. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

20. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his

3

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

22. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

23. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

24. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

25. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

26. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

27. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

28. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation against*
*VICTOR RODRIGUEZ*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

30. At the times mentioned, Defendant VICTOR RODRIGUEZ was, and is now, a corporate officer of corporate Defendant, R PLANTS, INC.

31. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that VICTOR RODRIGUEZ acted directly in the interests of Defendant R PLANTS, INC in relation its employees including Plaintiff.

32. Defendant VICTOR RODRIGUEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

33. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation against R PLANTS, INC.*

34. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

35. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

36. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

37. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's filing a lawsuit for unpaid wages.

38. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

7

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*FLSA Retaliation against*
*VICTOR RODRIGUEZ*

39. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

40. At the times mentioned, Defendant VICTOR RODRIGUEZ was, and is now, a corporate officer of corporate Defendant, R PLANTS, INC.

41. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that VICTOR RODRIGUEZ acted directly in the interests of Defendant R PLANTS, INC in relation its employees including Plaintiff.

42. Defendant VICTOR RODRIGUEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

43. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

8

44. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

45. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiffs' filing a lawsuit for unpaid wages.

46. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

   C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

   D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated June 10, 2019.

                                      Respectfully submitted,

                                      */s/ Peter M. Hoogerwoerd*

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No.: 118315
ns@rgpattorneys.com
Erin L. Haney, Esq.
Florida Bar No.: 1015865
eh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

10